IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00176-BNB

WENDEL (ROBERT) WARDELL, JR.,

    Plaintiff,

v.

ALBERTO GONZALEZ, Attorney General for the United States,
TROY A. EID, United States Attorney,
MATTHEW T. KIRSCH, Assistant United States Attorney, and
UNITED STATES ATTORNEY'S OFFICE FOR THE DISTRICT OF COLORADO,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

APR - 2 2008

GREGORY C. LANGHAM
CLERK

---

## ORDER

---

Plaintiff, Wendel (Robert) Wardell, Jr., is a prisoner in the custody of the United States Bureau of Prisons at a federal prison in Kentucky. Mr. Wardell has filed **pro se** on March 31, 2008, a "Motion to Recuse All Judges (District and Magistrate) of the United States District Court for the District of Colorado" and an "Affidavit in Support of Motion to Recuse All Judges (District and Magistrate) of the United States District Court for the District of Colorado." Mr. Wardell also filed on March 31 a "Combined Motion for Extension of Time and Request for a 'Courtesy' Copy of Complaint and Exhibits."

I must construe the motions liberally because Mr. Wardell is representing himself. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion to recuse will be denied and the motion for an extension of time will be granted.

I first address the motion to recuse. Mr. Wardell seeks my disqualification because I allegedly am biased and prejudiced against him. In support of the motion Mr. Wardell alleges that I was involved in preliminary matters in two prior criminal cases against Mr. Wardell, see *United States v. Wardell*, No. 05-cr-00342-REB-4 (D. Colo. Mar. 28, 2006); *United States v. Wardell*, No. 03-cr-00415-REB-1 (D. Colo. Apr. 11, 2006), and presided over a prior civil action filed by Mr. Wardell, see *Wardell v. Neal*, No. 03-cv-00221-BNB-OES (D. Colo. Dec. 8, 2003).

Mr. Wardell also alleges that the crimes charged in 05-cr-00342 occurred in the Alfred A. Arraj Federal Courthouse, that Magistrate Judge Michael E. Hegarty participated in the proceedings in at least one of Mr. Wardell's criminal cases while employed by the United States Attorney's Office, and that former Chief Judge Lewis T. Babcock sat on the courthouse security committee and was involved in the incident that led to criminal charges in 05-cr-00342. Mr. Wardell's references to Judge Babcock and Magistrate Judge Hegarty will not be considered further by the Court because neither Judge Babcock nor Magistrate Judge Hegarty is assigned to this action.

Mr. Wardell asserts the motion to recuse pursuant to 28 U.S.C. §§ 144 and 455. Title 28 U.S.C. § 144 provides a procedure whereby a party to a proceeding may request the judge before whom the matter is pending to recuse himself or herself based upon personal bias or prejudice either against the moving party or in favor of any adverse party. Section 144 requires the moving party to submit to the court a timely and sufficient affidavit of personal bias and prejudice. See *Green v. Branson*, 108 F.3d 1296, 1305 (10th Cir. 1997). "The affidavit must state with required particularity the

2

identifying facts of time, place, persons, occasion, and circumstances." ***Hinman v. Rogers***, 831 F.2d 937, 939 (10th Cir. 1987). Although a court must accept the facts alleged in the supporting affidavit under § 144 as true, the affidavit is construed strictly against the moving party. *See **Glass v. Pfeffer***, 849 F.2d 1261, 1267 (10th Cir. 1988). The moving party has a substantial burden "to demonstrate that the judge is not impartial." ***United States v. Burger***, 964 F.2d 1065, 1070 (10th Cir. 1992).

Title 28 U.S.C. § 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." The goal of this provision is to avoid even the appearance of partiality. *See **Liljeberg v. Health Servs. Acquisition Corp.***, 486 U.S. 847, 860 (1988). Pursuant to § 455, a court is not required to accept all factual allegations as true "and the test is whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." ***Glass***, 849 F.2d at 1268 (internal quotation marks omitted). The standard is completely objective and the inquiry is limited to outward manifestations and reasonable inferences drawn therefrom. *See **United States v. Cooley***, 1 F.3d 985, 993 (10th Cir. 1993).

Mr. Wardell's allegation that I am biased and prejudiced against him simply because I have been involved as a judicial officer in his prior criminal and civil cases is not sufficient to demonstrate that disqualification is appropriate pursuant to either § 144 or § 455(a). "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion." ***Liteky v. United States***, 510 U.S. 540, 555 (1994). Therefore, the motion to recuse will be denied. Mr. Wardell's request to disqualify all of the district

3

judges and magistrate judges in the District of Colorado also will be denied because he provides no specific facts to demonstrate that disqualification of every judge is appropriate.

Finally, as noted above, Mr. Wardell also has filed a "Combined Motion for Extension of Time and Request for a 'Courtesy' Copy of Complaint and Exhibits." That motion will be granted. However, Mr. Wardell is advised to retain copies of any documents he files with the Court in the future because the Court's electronic filing system does not allow the Court to maintain paper copies. Accordingly, it is

ORDERED that the "Motion to Recuse All Judges (District and Magistrate) of the United States District Court for the District of Colorado" filed on March 31, 2008, is denied. It is

FURTHER ORDERED that the "Combined Motion for Extension of Time and Request for a 'Courtesy' Copy of Complaint and Exhibits" filed on March 31, 2008, is granted. It is

FURTHER ORDERED that the clerk of the Court is directed to mail to Plaintiff, together with a copy of this order, the complaint and attached exhibits filed in this action on January 29, 2008. It is

FURTHER ORDERED that Plaintiff shall have **thirty (30) days from the date of this order** to cure the remaining deficiency in this action in accordance with the Court's order of January 29, 2008, if he wishes to pursue his claims in this action.

DATED April 2, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00176-BNB

Wendel (Robert) Wardell, Jr.
Reg. No. 32096-013
USP - McCreary
PO Box 3000
Pine Knot, KY 42635-3000

I hereby certify that I have mailed a copy of the **ORDER, and a copy of the complaint and exhibits filed 1/29/08** to the above-named individuals on 4/2/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk