IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00176-ZLW

WENDEL (ROBERT) WARDELL, JR.,

Plaintiff,

v.

MICHAEL B. MUKASEY, Attorney General for the United States, in his official capacity,
TROY A. EID, United States Attorney, in his official capacity,
MATTHEW T. KIRSCH, Assistant United States Attorney, in his official capacity, and
UNITED STATES ATTORNEY'S OFFICE FOR THE DISTRICT OF COLORADO,

Defendants.

---

ORDER DENYING MOTION TO RECONSIDER

---

Plaintiff Wendell (Robert) Wardell, Jr., has filed *pro se* on June 23, 2008, "Plaintiff's Motion for Reconsideration of the Court's June 12, 2008[,] Order of Dismissal Within Ten (10) Days of Its Issuance and Receipt." Mr. Wardell asks the Court to reconsider and vacate the Court's Order of Dismissal and the Judgment filed in this action on June 12, 2008. The Court must construe the motion liberally because Mr. Wardell is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below, the motion to reconsider will be denied.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 07 2008

GREGORY C. LANGHAM
CLERK

(10th Cir. 1991). The Judgment in this action was entered on June 12, 2008. Mr. Wardell filed the motion to reconsider within ten days after the Judgment was entered. *See* Fed. R. Civ. P. 6(a) (time periods of less than eleven days exclude intervening Saturdays, Sundays, and legal holidays). Therefore, the Court will consider the motion to reconsider pursuant to Rule 59(e). *See Van Skiver*, 952 F.2d at 1243.

Mr. Wardell was granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 in this action on May 2, 2008, and, pursuant to § 1915(b), he was ordered either to pay an initial partial filing fee or to show cause why he was unable to pay the initial partial filing fee. The Court dismissed the instant action without prejudice because Mr. Wardell failed either to pay the initial partial filing fee or to show cause why he was unable to pay the initial partial filing fee. Mr. Wardell alleges in the motion to reconsider that he made the necessary arrangements with prison officials to pay the initial partial filing fee, although he fails to explain clearly what those arrangements are, and that prison officials failed to collect and transmit the initial partial filing fee to the Court in a timely manner. Mr. Wardell also alleges that he believes the Court now has received the initial partial filing fee.

Upon consideration of the motion to reconsider and the entire file, the Court finds that Mr. Wardell fails to demonstrate some reason why the Court should reconsider and vacate the order to dismiss this action. The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Mr. Wardell

2

does not allege the existence of any new law or evidence and he fails to convince the Court of the need to correct clear error or prevent manifest injustice. According to the Court's docketing records, the Court still has not received the initial partial filing fee. Furthermore, it was Mr. Wardell's responsibility to make sure that the initial partial filing fee was paid in a timely manner. Mr. Wardell's unexplained "arrangements" to have the initial partial filing fee paid to the Court and his conclusory assertion that prison officials failed to collect and transmit the initial partial filing fee to the Court do not demonstrate that he satisfied his responsibility to pay the initial partial filing fee within the time allowed. Therefore, the motion to reconsider will be denied. Accordingly, it is

ORDERED that "Plaintiff's Motion for Reconsideration of the Court's June 12, 2008[,] Order of Dismissal Within Ten (10) Days of Its Issuance and Receipt" filed on June 23, 2008, is denied.

DATED at Denver, Colorado, this 3 day of July, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

3

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00176-BNB

Wendel (Robert) Wardell, Jr.
Reg. No. 32096-013
USP - McCreary
PO Box 3000
Pine Knot, KY 42635-3000

I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 7/7/8

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk